**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Greg Lynn MAKLEY, Defendant-Appellant.**

No. 71-2799.

United States Court of Appeals, Ninth Circuit.

Nov. 3, 1972.

William F. McDonald, Jr. (argued), of Russo, Cox & Dickerson, Tucson, Ariz., Lawrence E. Major, Lima, Ohio, Noel Lippman, Warren, Mich., for defendant-appellant.

Daniel G. Knauss, Asst. U. S. Atty. (argued), David S. Hoffman, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

Makley was convicted of two counts of an indictment, the first charging a conspiracy to unlawfully smuggle marijuana into the United States (21 U.S.C. § 963) and the second charging the substantive offense of the smuggling itself (21 U.S.C. § 952(a)). In urging reversal, Makley first contends, in effect, that the two offenses merged into one offense and that it was improper to convict him on two. Since the district judge fixed the same punishment on both offenses and ordered that the punishments be served concurrently, we choose not to discuss this contention.

Makley's second argument is that the District Court abused its dis-

* Honorable Gus J. Solomon, United States District Judge, Portland, Oregon, sitting by designation.

cretion in denying his motion for a continuance or for a mistrial. This motion was presented when, on the first day of the trial, a codefendant testified, to Makley's alleged surprise, in favor of the prosecution. It is elementary that the determination of whether to grant a motion for continuance rests in the sound discretion of the trial court. Neither by motion for new trial nor otherwise did Makley demonstrate any such sufficient prejudice resulting from the District Court's denial of his motion as to induce us to hold that an abuse of discretion occurred.

Affirmed.